Crew, J.
Among other stipulations and provisions contained in the application made by W. W. Harvey to the plaintiff in error, the State Life Insurance Company, for the policy of insurance that is here in suit, — which application by the express terms of said policy became itself a part of the contract of *186 insurance, was the following clause or provision, to-wit:
“It is hereby agreed that all the foregoing statements and answers, and also those I make to the company’s medical examiner, are warranted to be full, complete and true, and are offered to the company as a consideration for the contract, which shall not take effect until this application, which I agree to complete by submitting to a medical examination, has been accepted by the company, at the home office in Indianapolis, Indiana, and the first premium shall have been paid to and accepted by the company or an authorized agent during the life and good, health of the person herein proposed for insurance.”
The above stipulation or provision, that the contract of insurance shall not take effect until the first premium shall have been paid to and accepted by the insurance company or an authorized agent during the life and good health of the person proposed for insurance, being a reasonable and proper limitation or condition, was one the insurance company had a legal right to make. And being a condition precedent such prepayment of the premium, unless waived, was necessary to be made in order to put said policy in force, or to make said contract of insurance effective so as to bind the insurance company. Primarily the performance of this condition rested upon Harvey whose duty and obligation it was, if he would have the benefit of his contract and would put said policy in force, to pay to the insurance company, or to some one of its agents authorized to receive the same, the amount of said first premium. How, if at all in the present case, did he fulfill or discharge this obligation? It is not *187 •claimed, nor would the facts justify such claim, that Harvey himself ever paid said premium or that he ever in any manner accounted to the State Life Insurance Company therefor. The only payment of such premium relied upon or claimed in the present case, is a payment alleged to have been made by Donahey to W. W. Harvey himself. As recited in the statement of facts in this case, it appears from the record, that after the policy of insurance upon which this suit was brought had been issued to and received by Harvey, that he, being unable to pay the premium which was due thereon upon the delivery of said policy, communicated that fact to Donahey, his son-in-law, who thereupon, but without the knowledge or consent of said insurance company, furnished or paid to Harvey by way of attempted settlement or payment of said premium a sum of money equal to the amount of the premium then due on said policy, less Harvey’s commission as agent. It is the contention or claim of counsel for defendant in error, that the alleged payment so made was a sufficient payment of the premium then due, that it was made to an agent of said insurance company authorized to receive it, and that it was therefore in legal effect payment of said premium to the insurance company itself. Or differently stated the claim made is, that the payment by Donahey to Harvey as agent for and on behalf of Harvey as obligor, of the debt or obligation owing from the latter to the insurance company, was an authorized payment, and that it had the effect to satisfy and discharge the insurance company’s claim for the premium then due and to thereby put in force said policy or contract of insurance.
*188 This claim, we think, is untenable, and its fallacy and unsoundness is to be found in the premise upon which it is predicated, namely, the assumption that in such transaction Harvey was the authorized agent of the insurance company. The principle is elementary, and the rule of law well settled by adjudication, that an agent dealing with the subject matter - of his agency can not enter into a contract with himself in respect thereto that will be binding upon his principal, unless the contract be approved by the principal with full knowledge of all the facts. He cannot at the same time and in the same transaction be both obligor and obligee. And where an agent undertakes to act for himself in any matter, he cannot in the same transaction and as to the same matter act for and represent his principal, but in such case, as to such transaction the law will regard the relation of principal and agent as at an end and will treat him as a principal. Applying this rule to the present case it follows, we think, that Harvey could not bind the insurance company to the receipt of money paid to himself at his own instance and on account of his own debt or obligation owing to said insurance company, where such payment was made, to and received by him without the knowledge or consent of the company, and where the money so received was never accounted for or paid over by him to the company. In that transaction, Harvey was acting not for the insurance company, but for himself, in his own interest and on his own behalf. In legal contemplation he was not then the agent of the insurance company, but was a principal, and therefore could not bind the company by his act, and such payment to and receipt by him would not constitute or *189 be, payment to tbe company. We are of opinion, therefore, upon this record, that the circuit court erred in not reversing the judgment of the court of common pleas for overruling the motion of the plaintiff in error asking the court to direct a verdict in its favor.

The judgment of the circuit court ivill he reversed and judgment entered for the plaintiff in error upon the undisputed facts.

Davis, C. J., Shauck, Price, Summers and Spear, JJ., concur.